UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN N. LUPPINO, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No.  SA-16-CV-409-XR |
| JOHN V. YORK, STEVEN PRICE, and BROADWAY NATIONAL BANK, | § | |
| *Defendants.* | § | |

**ORDER**

On this date, the Court considered Plaintiff John Luppino's response to this Court's order to show cause, which he styles as a Motion to Show Cause. Docket no. 15. For the following reasons, the Court GRANTS an extension of time for Plaintiff to serve Defendant Steven Price, and deems that service of process was timely.

**BACKGROUND**

Plaintiff commenced this action on May 3, 2016 with the filing of his original complaint. Docket no. 1. On September 1, 2016, Defendant John York filed a notice of stay, indicating that this action should be stayed pending the result of a separate bankruptcy proceeding. Docket no. 8. On December 8, the Court concluded that the bankruptcy did not stay this action. Docket no. 13. The Court also ordered Plaintiff to show cause as to why no proof of service had been filed regarding Defendant Price within the 90-day time limit of Federal Rule of Civil Procedure 4(m). *Id*. Plaintiff timely responded with the motion now before the Court, and a day later, filed an advisory indicating that Price had been served that day. Docket nos. 15, 16.

## DISCUSSION

Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90-day period, the Court has two choices: either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause." *Id.*  If good cause is present, the district court must extend time for service. *Thompson*, 91 F.3d at 21. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.* Thus, even when good cause is lacking, the Court must decide whether to exercise its discretion to extend the time for service.

The first inquiry is whether Plaintiff has established good cause for its failure to timely serve Defendant. The Court finds that good cause has been shown, which justifies an extension of time. Plaintiff attempted service at the registered address of an LLC in which Price was a member only to find that the registered address was closed. Docket no. 15 at 2. Plaintiff continued efforts to locate Price even when there was a possibility that the case would be stayed as a result of the bankruptcy proceeding. *Id*. Plaintiff conducted repeated web-based searches to find a valid address for Price and requested this information from Price's co-defendant, John York. *Id*. at 2–3. Plaintiff includes the affidavits of two process servers, describing a handful of attempts to serve Price at different addresses and the difficulties that they encountered in locating a valid address for Price. Docket nos. 15-1, 15-2. In addition, Plaintiff has since succeeded in serving Price. Docket no. 16. All of these factors and efforts demonstrate good cause for Plaintiff's failure to serve Price within the original 90-day time frame imposed by Rule 4(m).

**CONCLUSION**

Plaintiff's Motion for Extension of Time to Serve Defendant (Docket no. 15) is GRANTED. As a result, service of process on Defendant Price is deemed timely, despite being made past the original deadline of Rule 4(m).

It is so ORDERED.

SIGNED this 4th day of January, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE