UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| JOHN N. LUPPINO | § |
| | § |
| Plaintiff, | § |
| | § Civil No. SA-16-CV-00409-RCL |
| v. | § |
| | § |
| JOHN V. YORK, individually; | § |
| STEVEN PRICE, individually; and | § |
| BROADWAY NATIONAL BANK | § |
| | § |
| Defendant. | § |

**Memorandum Opinion**
**Granting Defendant Broadway National Bank's Motion to Dismiss**
**Denying Plaintiff Luppino's Motion for Continuance**

Before the Court are defendant Broadway National Bank's ("Broadway") Motion to Dismiss (ECF #17), plaintiff Luppino's Motion for Continuance (ECF #21), and all responses and replies thereto. For the reasons given below, the Court will **GRANT** Broadway's Motion to Dismiss and **DENY** Luppino's Motion for Continuance.

**Background**

Luppino, a private individual, entered into a series of agreements (the "subscription agreements") with Republic Resources, L.L.C. ("Republic") pursuant to which Luppino invested hundreds of thousands of dollars in Republic's oil and gas drilling ventures. (ECF #14, pgs. 3–5, ¶¶11–21). In exchange for Luppino's investment funds, Luppino received working interests in the oil and gas projects. (*Id.*). To execute the investments, Luppino would deposit his investment funds into escrow accounts managed by Broadway. (*Id.* pg. 5, ¶22). These escrow accounts existed pursuant to a series of contractual escrow agreements executed by Broadway and Republic.

1

(ECF #17, pgs. 7–40). When sufficient funds were deposited in the escrow accounts, Broadway would release the funds to Republic. (*Id.*).

Luppino has now sued Broadway and Republic's two members, Defendants York and Price, for mishandling and misappropriating his investment funds in a variety of ways. (*See generally* ECF #14). Because this opinion deals only with Broadway's Motion to Dismiss, the Court will not detail Luppino's allegations against York and Price. As for Broadway, Luppino alleges that Broadway breached the escrow agreements (to which Luppino claims to be a third-party beneficiary) by paying his investment funds into Republic's general operating account with knowledge that the funds would not be used for the projects in which Luppino intended to invest. (*Id.* pg. 9, ¶¶62–63). In the alternative, Luppino alleges that Broadway was negligent, having violated its purported fiduciary duty to Luppino by the same conduct. (*Id.* pg. 10, ¶¶66–70).

On December 30, 2016, Broadway filed its Motion to Dismiss. (ECF #17). As part of his response, Luppino moved for a continuance in which to conduct additional discovery to make his claims. (ECF #21). The Court now considers these motions.

## Discussion

I. **The Court May Properly Consider the Contents of the Escrow Agreements in the Context of These Motions**

Broadway attaches the escrow agreements that it entered into with Republic to its Motion to Dismiss. (ECF #17, pgs. 7–40). Luppino did not attach these agreements to his pleadings. Luppino argues that by "attaching the Escrow Agreements that incorporate by reference the Subscription and Customer Agreements, Defendant Broadway's Motion must be treated as one for summary judgment" rather than one to dismiss for failure to state a claim. (*Id.* pg. 3, ¶11). As a preliminary matter, then, the Court considers the propriety of considering the contents of the

2

escrow agreements in the context of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must [then] be given a reasonable opportunity to present all the material that is pertinent to the motion." (Fed. R. Civ. P. 12(d)). Here, the escrow agreements that Broadway attaches to its Motion to Dismiss would seem at first glance to qualify as matters outside the pleadings.

But Rule 12(d) is tempered by the effects of Fed. R. Civ. P. 10(c), which provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." So when a plaintiff attaches documents upon which his complaint is based (such as, for example, escrow agreements or other contracts) to its complaint, those attachments are considered part of the pleading. But a plaintiff is not required to attach documents upon which its action is based to the complaint. When, however, "the plaintiff fails to introduce a pertinent document . . . [numerous courts] throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading." (5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 at 762–63 (2d ed. 1990)). The Fifth Circuit is one of those courts, opining that documents "that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." (*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And because these attachments are considered part of the pleadings, they may properly be considered during a motion to dismiss under Rule 12(b)(6).

Here, it is appropriate to consider the escrow agreements that Broadway attached to its motion to dismiss. The escrow agreements are referred to in Luppino's complaint and are central to his breach of contract claim. (ECF #14, pg. 9, ¶62 ("Broadway breached provisions of the escrow agreements")). For that reason, the escrow agreements are considered part of the pleadings and the Court may consider them as part of a Rule 12(b)(6) motion to dismiss for failure to state a claim and for all other motions on the pleadings.

## II. Luppino's Motion for Continuance Will Be Denied

Luppino requests that this Court give to him a "continuance to conduct limited discovery to obtain the necessary documents to determine the entire scope of the Escrow Agreement." (ECF #21, pg. 2, ¶4). This is necessary, he argues, because the escrow agreements incorporate the subscription agreements and the subscription agreements incorporate a "Memorandum that [Luppino] does not have in his possession." (Id. pg. 1, ¶2). Thus, Luppino argues, he does not have a complete record to "determine the entire scope of the Escrow Agreements" on which his breach-of-contract claim are based. (Id. pg. 1, ¶3).

Luppino is incorrect. Whether the escrow agreements incorporate an outside document is a question of law. And a review of the escrow agreements reveals that they incorporate neither the subscription agreements nor the mysterious memorandum. In the escrow agreements, the only mention of the subscription agreements is in paragraph three. That paragraph states only that Broadway may request a written account for each subscription and that the subscription agreement is one example of a written account. This reference to the subscription agreements does not indicate any intent to incorporate the terms of the subscription agreements into the escrow agreements. And because there plainly was no intent to incorporate the terms of the subscriptions agreements, those terms are not incorporated.

For that reason, Luppino needs neither the subscription agreements (which he has) nor the mysterious memorandum (which he does not have) to determine the entire scope of the escrow agreements. Accordingly, his motion for continuance to conduct limited discovery will be **DENIED**.

### III. Luppino Fails to State a Possible Claim for Either Breach of Contract or Negligence

#### A. Legal Standard – Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint "state a claim to relief that is plausible on its face." (*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Under this standard, the complaint must plead facts that allow for a reasonable inference of liability. (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. (*Iqbal*, 556 U.S. at 678). But the Court must accept as true all factual allegations (as opposed to legal allegation/conclusions) contained in a complaint. (*Id*). The facts, taken as true and construed in the light most favorable to the plaintiff, must raise the right to relief above speculation. (*Twombly*, 550 U.S. at 555 (2006). If a plaintiff has failed to state a claim upon which relief may be given, the claim will be dismissed. *Id*

#### B. Luppino's Breach-of-Contract Claim

Luppino alleges that he is a third-party beneficiary of the escrow agreements between Republic and Broadway. (ECF #14, pg. 9, ¶61). Because this is a legal conclusion, the Court need not accept it as true; but the Court will accept it as true for now for the sake of argument. Luppino then alleges that Broadway breached provisions of the escrow agreements by making "payment of investor funds to Republic's general operating account." (*Id.* ¶62). There are two parts to this allegation. The first, that payments of investor funds were paid to Republic's general operating

5

account, is a factual assertion that the Court accepts as true. The second, that these actions constituted a breach of the escrow agreements, is a legal conclusion that the Court need not accept. And the Court does not accept it.

Looking at the text of the escrow agreements themselves, it is clear that Luppino's factual assertions, even if true, do not amount to a breach of contract. No portion of the escrow agreements prevented Broadway from transferring investor funds to Republic's general operating account. To the contrary, the escrow agreements require that Broadway deliver funds "to the Company" (Republic). (ECF #17, pg. 10, ¶7(a); *Id.* pg. 20, ¶7(a); *Id.* pg. 30, ¶7(a); *Id.* pg. 37, ¶7(a)). That's it. The contracts do not require that the funds be transferred to a specific account. Therefore, the actions Luppino complains of—transferring investor funds to Republic's general account—is not a breach of the escrow agreements.

Luppino also seems to assert that Broadway breached the escrow agreements by relinquishing funds to Republic with the knowledge that Republic would use the funds to pay "industry partners" (ECF #14, pg. 9, ¶63). Again, even if this is true as a factual matter, such conduct does not constitute a breach of the escrow agreements. The escrow agreements clearly state that Broadway's contractual obligations end when it delivers funds from the escrow accounts to Republic. (ECF #17, pg. 11, ¶13; *Id.* pg. 21, ¶13; *Id.* pg. 31, ¶13; *Id.* pg. 38, ¶13 ("Upon disbursement of all of the funds in the Escrow Account in accordance with Sections 7, 8, 10 and 12 hereof, [Broadway's] responsibilities under this Agreement shall terminate)). They also clearly state that Broadway has "no liability under any circumstances with respect to the application of the proceeds of any delivery of funds made by it." (*Id.*) In other words, the escrow agreements are completely indifferent to Republic's use of the funds.

### C. Luppino's Negligence Claim

As an alternative to his claim for breach of contract, Luppino asserts a negligence claim against Broadway. (ECF #14, pg. 10, ¶¶66–71). The elements of a negligence claim are well known: duty, breach, causation, and damages. In this case, Luppino has not plead a legally cognizable, non-contractual duty owed to him by Broadway. For that reason, the negligence claim must be dismissed.

Luppino claims that Broadway, as an escrow agent, owed to Luppino "a fiduciary duty of loyalty, full disclosure and to exercise a high degree of care to conserve money and pay it only to those persons entitled to receive it." (*Id.* pg. 10, ¶67). In support of this legal contention, Luppino cites two cases, *City of Forth Worth v. Pippen*, 439 S.W.2d 660 (Tex. 1969), and *Home Loan Corp. v. Texas Am. Title Co.*, 191 S.W.3d 728 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Both of these cases are inapposite. In the *Pippen* case, there was neither an escrow agreement nor a genuine escrow relationship. (*Pippen*, 439 S.W.2d at 664 ("It should be noted that [Company] did not receive or hold these funds as a true escrow, although that term has been used by the parties. There was no escrow agreement and [Company] owed no obligation to the [ultimate recipient of the funds].")). Therefore, the fiduciary duties enumerated in *Pippen* (the same as those recited in Luppino's complaint) cannot be assumed to apply to a true escrow governed by an escrow agreement. Similarly, in *Home Loan Corp.*, there was no formal escrow agreement. (191 S.W.3d at 731). The court in *Home Loan Corp.*, then, had to decide what duties existed with no contract to tell them what duties the parties had undertaken.

But this case is different. In this case there are multiple formal, written escrow agreements. Those escrow agreements are integrated and define with great specificity the duties

7

and rights of the various parties. That being the case, the Court finds that Broadway "did not owe a legal duty to" Luppino "beyond the scope of the written policy. . . . Accordingly," because all of Broadway's duties are contractual rather than imposed by law, Broadway "cannot be held liable under a negligence theory." (*IQ Holdings, Inc. v. Stewart Title Guar. Co.*, 451 S.W.3d 861, 873 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Because Luppino has not alleged that Broadway owed to him a legally cognizable, non-contractual duty, Luppino fails to plead a claim for negligence. That being the case, the Court need not analyze whether Luppino's pleadings are sufficient to establish the other elements of negligence.

## Conclusion

Luppino has no need of additional discovery to determine the scope and contents of the escrow agreements. His Motion for Continuance (ECF #21) will, therefore, be **DENIED**. Luppino fails to state either a contract or a negligence claim on which relief can be granted. Broadway's Motion to Dismiss (ECF #17) will, therefore, be **GRANTED**.

**A SEPARATE ORDER SHALL ISSUE.**

SIGNED this 24th day of September, 2017.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE